## A. WYCKOFF v. JONAS ARTLEY ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF MCKEAN COUNTY.

Argued May 6, 1891—Decided May 18, 1891.

(*a*) Wooden water-pipes, for the price of which suit was brought, were furnished to the defendants by the plaintiff, under a written contract setting forth that he had examined the premises, and warranted said pipes "to stand the hydraulic pressure of the works as it is now graded and constructed:"

1. There being evidence that the pipes were defective and useless for the purpose intended, and that notice had been given the plaintiff to remove them, it was not error to charge that plaintiff could not recover unless the jury found from the evidence that he had substantially complied with his contract.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 398 January Term 1891, Sup. Ct., court below, No. 347 October Term 1884, C. P.

On July 30, 1884, A. Wyckoff brought assumpsit against Jonas Artley and a number of others, late partners doing business as the Kendall Water Works. Issue.

At the trial, on September 10, 1889, evidence was adduced tending to show that in August and September, 1880, the plaintiff, upon the order of the defendants, shipped to them a quantity of 6-inch, 4-inch and 2-inch wooden water-pipe, for use in the defendants' water-works then being established at Kendall borough, the total shipment being of the value of $1,899.32. The defendants adduced evidence to the effect that the water-works company had laid out its plant, dug its trenches, and put up a twelve-hundred barrel tank for a reservoir, when certain persons entered into a written contract with the plaintiff's agent, dated September 8, 1880, witnessing:

" That the parties of the first part for and in consideration of the several sums hereinafter mentioned, agree to furnish unto the parties of the second part 1,100 feet of six-inch wooden water-pipe; 2,800 feet of four-inch wooden water-pipe, and 2,400 feet of two-inch wooden water-pipe, to be delivered on the cars in Elmira, N. Y.; and also to send a foreman to superintend laying said pipe, and to warrant said pipe to stand the hydraulic pressure of the works as it is now graded and constructed.

" And the party of the first part hereby acknowledges that he has examined the premises and warrants the same against all leaks or defects ; and the parties of the second part hereby agree to pay unto the parties of the first part, if the warrant against any leaks or defects is fulfilled, the sum of $.53½ per foot for the six-inch pipe; $.32 per foot for the four-inch pipe, and $.14 per foot for the two-inch pipe. . . . ."

There was testimony to the effect, further, that the water-pipe for which the suit was brought was found not of sufficient strength to sustain the pressure from the water-works reservoir, and that the plaintiff was notified to remove it. The plaintiff introduced testimony tending to show that the defend-

Charge of Court below.

ants had removed the defective pipes from the line to the twelve-hundred barrel reservoir, and made use of them in a line to another tank with a lower pressure.

At the close of the testimony, the court, OLMSTED, P. J., charged the jury in part as follows:

We have been requested by counsel upon both sides to answer quite numerous points, and we will proceed to do so at this time.

The plaintiff asks us to charge you:

1. That if the jury find from the evidence that the defendants bought from the plaintiff a quantity of wooden pipe at an agreed price, to supply water from a given tank, the location of which was fixed, with a warranty that the pipe would stand the pressure required to furnish a supply of water from such tank so located, to their customers in Kendall borough, and the pipe when laid was found insufficient for such purpose and defendants used said pipe to supply their customers with water from another tank on another location, they must pay the plaintiff the value thereof.

Answer: We cannot affirm this point. The plaintiff cannot recover in this case, unless the jury find from the evidence that he has substantially complied with his contract of September 8, 1880. If he has not substantially complied with his contract he cannot recover.[1]

\*      \*      \*      \*      \*      \*      ,  \*      \*

Counsel for the defendants ask us to charge you as follows:

5. The plaintiff, by the terms of the contract dated September 8, 1880, having warranted the pipe to stand the hydraulic pressure from the upper tank, the location of which he acknowledged in said contract he knew, and the uncontradicted evidence showing that the pipe delivered under such contract would not stand said pressure and was wholly unfit for use in connection with said tank, and if the jury believe that he had notice thereof and was requested to remove the same, there can be no recovery in this case and your verdict should be for the defendants.

Answer: We affirm this point by saying that the plaintiff cannot recover unless the jury find from the evidence that he substantially complied with his contract.

Arguments.

Now, a mere technical failure on the part of the plaintiff to comply, would not defeat his right to recover. It must be a substantial failure, such as impairs, if not absolutely destroys, —impairs to a considerable extent, the value of the thing done, in order to defeat the plaintiff's right to recover. You all understand very well that in an ordinary contract, perhaps for the construction of a house, there might be left out an unimportant part of it, and yet the person constructing it have a right to recover his pay. But, suppose there was a substantial departure from the contract, without right, a substantial and material failure to perform as he had agreed, then he could not recover. Just so this case stands here. If you find from the evidence, in the first place, that these defendants are liable as partners by reason of signing this paper and paying money or participating in this work; if you find that all of them have done that, then you would pass by that, and come to the other question. If you should fail to find that they were liable as partners, that they or any of them had not participated in this transaction in such a way as to make them liable, your verdict would be immediately for the defendants. [But if you pass that and come to the other question, then you inquire whether or not the plaintiff has substantially complied with his contract with these defendants. If you find that he has, then your verdict would be for the plaintiff for the amount of his claim and the interest upon it. But if you find that he has not, and that there has been a substantial failure to do as he guaranteed that he would do, his case falls.] [4] You have nothing to do with the effect upon him or upon any one. You are simply to determine from the naked evidence that has been given before you.

—The jury returned a verdict in favor of the defendants. Judgment having been entered, the plaintiff took this appeal, assigning for error, inter alia :

1. The answer to the plaintiff's point.[1]

4. The portion of the charge embraced in [ ] [4]

*Mr. Edward A. Price* (with him *Mr. J. W. Lee, Mr. F. W. Hastings* and *Mr. George S. Criswell*), for the appellant.

*Mr. G. L. Roberts* and *Mr. M. F. Elliott* (with them *Mr. D. H. Jack*), for the appellees.

Counsel cited: Gillespie Tool Co. v. Wilson, 123 Pa. 19; Singerly v. Thayer, 108 Pa. 291; Falconer v. Smith, 18 Pa. 130; Hartupee v. Pittsburgh, 97 Pa. 108; Hostetter v. Pittsburgh, 107 Pa. 419.

PER CURIAM:

The learned court below declined the plaintiff's first point, and instructed the jury that "the plaintiff cannot recover in this case, unless the jury find from the evidence that he has substantially complied with his contract of September 8, 1880. If he has not substantially complied with his contract he cannot recover." We think this ruling was right, in view of the testimony that the pipes were defective, and useless for the purpose for which they were intended, and of the notice to the plaintiff to remove them. This is the only question in the case.

Judgment affirmed.